IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| PERRY WILLINGHAM,<br><br>          Plaintiff,<br><br>vs.<br><br>MISSOULA COUNTY SHERIFF OFFICERS "JAIL DIVISION", CPL. JOE REDD, SGT. JACOBSON, CHARLIE SMALLENBERGER, J. HAMILL, R. GALL, HIDAY,<br><br>          Defendants. | Cause No. CV-05-199-M-DWM-JCL<br><br><br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On January 8, 2007, the Court granted Plaintiff Willingham's motion for an extension of time to file his Amended Complaint. A deadline was set for March 16, 2007. Willingham did not respond.

On April 6, 2007, the Court ordered Willingham to show cause why his action should not be dismissed with prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). Because Willingham was in transit in the custody of the United States Marshals Service, the Clerk was ordered to serve the Order when the Federal Bureau of Prisons' website reflected a mailing address for him. The Order was served on Willingham on April 23, 2007, at USP Atlanta. The Order was

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

not returned to the Court as undeliverable, but Willingham did not respond to it.

On May 17, 2007, the Court issued Findings and Recommendation, concluding that Willingham's Complaint should be dismissed with prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). *See* Findings and Recommendation (doc. 22) at 2-4.

On May 29, 2007, Willingham objected to the Findings and Recommendation, stating that he did not receive the Court's mail. *See* Pl. Mot. to Extend Deadline (doc. 23) at 1. In response, on May 30, 2007, this Court rescinded the Findings and Recommendation and sent to Willingham, at FCI Talladega, a copy of the pertinent orders in the case, as well as a docket sheet and a form Amended Complaint. A deadline was set for July 18, 2007, for Willingham to file an Amended Complaint. The record does not reflect that Willingham's mail was returned. The Federal Bureau of Prisons website shows that he is at FCI Talladega, and that is where his mail was sent.

Willingham again failed to respond to the Order. The Court again recommends dismissal.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[f]or failure of the plaintiff to prosecute." The Court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

### 1. Expeditious Resolution

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990). Here, the case cannot proceed at all, much less expeditiously, because there is no plaintiff.

### 2. Docket Management

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Litigants who do not obey the Court's orders disrupt the Court's handling of other matters by consuming time and resources needed by litigants who do follow the Court's orders. This factor weighs in favor of dismissal with prejudice.

### 3. Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). Defendants in this case have not yet been served. They are not aware of the action or of the need to preserve evidence for their defense. They are prejudiced by Willingham's failure to prosecute the case.

### 4. Alternatives

Dismissal is the only option for a case in which there are no parties. Dismissal without prejudice is an alternative the Court could pursue, but Willingham has had ample opportunity to proceed with the action on this occasion. The Court even took the extraordinary step of monitoring

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

Willingham's location in the federal prison system. Without giving the Court any explanation, he has abandoned his case – twice.

### 5. Disposition on Merits

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). This factor will always counsel against dismissal.

### 6. Conclusion

While the policy in favor of disposition on the merits weighs against dismissal with prejudice under Rule 41(b), the public's interest in expeditious resolution of litigation, the Court's interest in managing its own docket, prejudice to the Defendants, and the lack of meaningful alternatives weigh in favor of dismissal. The Court will recommend that Willingham's Complaint be dismissed with prejudice.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Willingham's Complaint and supplements (docs. 1, 6, 8) should be DISMISSED WITH PREJUDICE for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

2. The District Court should CERTIFY, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from this disposition would be taken in bad faith.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within ten

(10) business days after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

<u>Willingham must immediately advise the Court of any change in his mailing address by filing a "Notice of Change of Address" and referring to this case number</u>.

DATED this 31st day of July, 2007.

_____
Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5