```
                              FILED
                           MISSOULA, MT

                        2007 AUG 29 PM 5 08

                          PATRICK E. DUFFY
                     BY _____
                             DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| PERRY WILLINGHAM, | ) | CV 05-199-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MISSOULA COUNTY SHERIFF OFFICERS "JAIL DIVISION," CPL. JOE REDD, SGT. JACOBSON, CHARLIE SMALLENBERGER, J. HAMILL, R. GALL, HIDAY, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Willingham filed this action pursuant to 42 U.S.C. § 1983 in December 2005. He filed a motion for an extension of time to amend his Complaint on January 8, 2007. The Court granted the motion and set a deadline of March 16, 2007 for Willingham to file his Amended Complaint. Willingham did not comply, and on April 8, 2007 the Court ordered him to show cause why this matter should not be dismissed for failure to prosecute.

-1-

Willingham again failed to comply and on May 17, 2007, United States Magistrate Judge Jeremiah C. Lynch issued Findings and Recommendations concluding that the Complaint should be dismissed for failure to prosecute.

Willingham objected to Judge Lynch's recommendation, claiming that he did not receive the Court's earlier orders. Judge Lynch rescinded his Findings and Recommendations and directed the Court to supply Willingham with all pleadings and an Amended Complaint form. The Magistrate set a deadline of July 18, 2007 for Willingham to file his Amended Complaint. Willingham has failed to respond to Judge Lynch's Order, and Judge Lynch has again issued Findings and Recommendations concluding that the Complaint should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Plaintiff Willingham did not timely object and so has waived the right to de novo review of the record.  28 U.S.C. § 636(b)(1).  This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch weighed the five factors to be considered in deciding whether to dismiss for failure to prosecute, as set out in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Judge Lynch found that the interest in expeditious resolution of

cases, the Court's need to manage its docket, the prejudice to the Defendants and the availability of less drastic options all favor dismissal, while only the preference for resolution of cases on the merits does not. On this basis Judge Lynch recommended that the case be dismissed for failure to prosecute. I can find no clear error with Judge Lynch's recommendation and therefore adopt it in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).

The Court further CERTIFIES pursuant to Fed. R. App. P. 24(a)(4)(B) that any appeal from this disposition would be taken in bad faith.

DATED this 29 day of August, 2007.

_____
Donald W. Molloy, Chief Judge
United States District Court